## Case No. 9,211.

### The MARY EVELINE.

PETTY et al. v. MERRILL et al.

[3 Ben. 438.] [1]

District Court, E. D. New York. Oct., 1869. [2]

COLLISION IN EAST RIVER — SAILING VESSELS IN NARROW CHANNEL—DANGEROUS MANOEUVRE.

1. A vessel, sailing free, and meeting a vessel beating, has no right, by going ahead, instead of astern of the vessel beating, to compel the latter to go about before beating out her tack.

2. Where, in a narrow channel, a sloop sailing free, and able to take either side of the channel, met two schooners beating close to each other, and taking the chance of passing them before or after they should tack, attempted to pass ahead of them, and was in the act of passing, where she could neither luff nor keep off, when the rear schooner came into the wind, and so was run into by that schooner: Held, that the sloop was in fault for placing herself in such a position, when she had no room to pass. She should have gone astern of the schooners before they tacked.

[Cited in The City of Alexandria, 44 Fed. 361.]

[A collision occurred on September 20, 1868, in the East river, N.Y., between Blackwell's Island and Long Island between the schooner Mary Eveline and the sloop Ethan Allen. The schooner was damaged and the sloop sunk and so injured as to be unfit to repair. Henry B. Merrill and others, owners of the Ethan Allen, filed their libel in rem against the Mary Eveline, John Petty and others, claimants, in the district court for the Southern district of New York. Petty and others, owners of the Mary Eveline, filed their libel in personam against Merrill and others in the district court for the Eastern district of New York. By agreement of counsel the two cases were tried in this court together.]

F. A. Wilcox and W. R. Beebe, for the Ethan Allen.

R. C. Huntley, for the Mary Eveline.

BENEDICT, District Judge. These are cross-actions; one brought in the Southern district of New York, by the owners of the sloop Ethan Allen to recover the damages caused by a collision between that sloop and the schooner Mary Eveline, which occurred in the Narrows, between Blackwell's Island and Long Island, on the afternoon of the 20th of September, 1868; the other brought in this district by the owners of the Mary Eveline to recover the damages sustained by their vessel in the same collision.

The actions were tried together before me, and the following facts were made to appear: The wind, at the time of the collision, was a strong sailing breeze, blowing six to eight knots from the westward; the tide was two hours ebb, the weather fair. The schooner Mary Eveline, with a reef in her

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed by the circuit court; case unreported.]

mainsail, was beating toward New York, between Blackwell's Island and Long Island, and was just behind, but gaining upon the schooner Charles Hawley, a vessel also beating in the same direction. On the last tack before the collision, both the schooners tacked close to the Long Island shore, and stood over for a point below the coal dock, and nearly opposite the lunatic asylum, on Blackwell's Island, the legs being nearly equal. When near the Blackwell's Island side, the Hawley again tacked, and filled away up on her starboard tack, and the Mary Eveline, which was at the time very near, swung close to her stern, her larboard fore shrouds just clearing the Hawley's boom, and so she came up to the wind in the act of tacking. At this moment, the sloop Ethan Allen was passing up the Narrows close to Blackwell's Island, with her main-sheet off full-length, her boom off to port—her main peak slacked a little, her main-topsail clewed up and hanging, and was struck by the Mary Eveline, just as the latter came up to the wind, the Eveline hitting the Ethan Allen, at the starboard cat-head, the jib-boom of the Eveline going between the mast and the lee-rigging of the Allen. The blow caused the Allen to sink in a few moments, and injured the Eveline to a considerable amount.

It is obvious from this statement that, according to well-settled law, the burden is upon the Ethan Allen to show a good reason for not avoiding the Mary Eveline. This she has endeavored to do. She shows very satisfactorily that she could not have avoided the Mary Eveline by keeping away, for she was on a course as close to the west shore, as her boom would permit at that point; and, moreover, if she had kept off, she would have been in danger of receiving the blow on her broadside. She also shows that it was impossible for her to have avoided the Mary Eveline by porting after the Hawley luffed, as the three vessels were situated. But she fails to justify placing herself where she could neither port nor keep off to avoid the Eveline, but, of necessity, must strike that vessel without any false manoeuvre on the part of the latter. A fault is charged upon the Mary Eveline in the pleadings, that she stood on too far to leeward of the Hawley, whereby the Ethan Allen was prevented from passing her. But the evidence shows that the Eveline tacked about in the wake of the Hawley. The order, "Hard-a-lee," was given on the Eveline, as her fore shrouds cleared the Hawley's boom, and the fore sheet was at once let go. The Eveline was entitled to beat out her tack, and was compelled, by her proximity to the Hawley, to swing round her stern, and she had the right to do this in the way she did.

The Ethan Allen, by passing ahead, instead of astern, sought to force the Eveline to tack to the east of the Hawley, or run the risk of hitting the Allen when she passed.

Whereas, the Eveline, being close-hauled, should have been left to beat out her tack and the Ethan Allen should have kept out of her way by passing astern on the Long Island side instead of attempting to pass ahead of the schooners, and on the Blackwell's Island side. She had a fair and full breeze, which enabled her to stem the tide, and was carrying her at the rate of some three miles an hour by the land. She saw the schooners beating down, and when they stood over from the Long Island shore upon their larboard tack, she had then two courses open; one to hug Blackwell's Island, trusting to the chance of passing the schooners before or after they should tack at Blackwell's Island. The other to luff out into the stream, and pass the schooners on the Long Island side. It is clear that the latter was the proper course, and that she could thus have avoided all danger of collision.

It was urged upon the argument that, in such a tide, the sloop could not, with safety, leave an eddy, which is supposed to make along Blackwell's Island, and attempt to pass up in the tide-way; and, inasmuch as she could not stop, must be held free from fault. No evidence in the case sustains this position, and I have no doubt that she could have luffed out into the stream without difficulty or danger.

In the absence of any evidence tending to show such a course to have been impracticable, I hold the sloop to be in fault for not thus avoiding the Eveline.

Let the decree in the action of John W. Petty v. Henry B. Merrill be for the libellants, with an order of reference to ascertain the amount; and, in the action of Henry B. Merrill against the Mary Eveline, let the libel be dismissed, with costs.

[NOTE. Appeals in each of these cases were taken by the owners of the Ethan Allen to the circuit court. The decree in the case in the Eastern district (Petty v. Merrill) was modified by the deduction of one item of damage claimed (Case No. 9,212), and a final decree affirming the district court was then entered for $1,292.81 (case unreported). From this decision an appeal was taken to the supreme court, where the case was dismissed. Mr. Justice Clifford delivering the opinion, for want of jurisdiction, the amount decreed being less than $2,000. Merrill v. Petty, 16 Wall. (83 U. S.) 338.

The case in the Southern district was heard in the circuit court on November 20, 1870, and the decree dismissing the libel was affirmed. Decree formally entered on February 1, 1871 (case unreported). From this decree likewise an appeal was taken to the supreme court, which reversed the decree of the circuit court. Mr. Justice Hunt, delivering the opinion, dismissed the libel, and directed that a decree be entered in favor of the libelants, the owners of the Ethan Allen. 16 Wall. (83 U. S.) 348.

In the case of Petty v. Merrill in the circuit court for the Eastern district, the defendants, Merrill and others, owners of the sloop Ethan Allen, moved after this last judgment of the supreme court for a rehearing in the circuit court. This motion was denied. Case No. 11,-051. The case of the Mary Eveline was again heard in the Southern district upon the question of interest upon the items of damage, and for expenses incurred in raising vessel. Id. 9,212.]