## *In re* IRA RICHARDSON.

### MANDAMUS. BEFORE JUDD, J.

### NOVEMBER, 1877.

A tax-payer neglected to furnish the assessor with a list of his property, and the assessor made an assessment *ex parte*: held, that this did not deprive the tax-payer of his right to appeal from the assessment, under the statutes.

*Minister of Interior vs. Glover*, 3 Hawn., 697; and *Widemann vs. Minister of Finance*, 3 Hawn., 791, distinguished.

Mandamus issued to compel the tax-collector to grant petitioner a certificate of appeal.

### DECISION OF JUDD, J.

The Civil Code, which was enacted in 1859, contains a provision, in section 492, that when a tax-payer (who has been called upon or notified by the tax assessor) declines or refuses to give a list of his property subject to taxation, the said assessor "may make such list according to the best information within his reach, and the same shall be binding upon all persons interested." This section was amended in 1874, providing for one assessor in place of two, but making no other change.

In 1860, the Legislature provided for appeals from assessments. Section 9 of this act reads: "During the months of September, October and November, the tax-collector, upon receiving on deposit, costs or otherwise, as hereinafter provided, shall grant to any person disputing the amount of his or her assessment, a certificate of appeal of the annexed form, to be furnished him in blank, by the Minister of Finance, stating thereon the amount of taxes with which the appellant is assessed in the tax list."

Before this statute was enacted, there was no appeal from an assessment, whether taken from the voluntary return of the tax-

payer, or (in case of his neglect) when made up by the assessor, according to the best information within his reach. The question is whether the words of the Code, "the same shall be binding upon all persons interested," abridge the general right of appeal in such a case. I observe that the law of 1860 makes no exception, but allows "any person disputing his assessment to appeal." It seems to me that if the legislature had intended to limit the right of appeal to those who make a voluntary return, they would have expressed this particularly.

I have some difficulty in giving effect to the words, "and the same shall be binding upon all persons interested." The Legislature could not have meant that the assessment so made was binding, irrevocably, and subject to no appeal, because no appeal was then allowed in any case. I think that the Legislature meant that an assessment made up by the assessor, according to the best information within his reach, was as binding and valid as if it had been made up upon the information furnished by the party himself. Nothing should be taken by implication to abridge the right of the subject to resort to the appeal board—the tribunal created for the purpose of reviewing assessments.

The Legislatures of other countries have provided penalties for neglect of making returns, and generally the penalty is that of being doomed as it is called.

In the case quoted by the Attorney-General for the respondent *Minister of Interior vs. Glover,* 3 Hawn., 697, the Statute Bond contained sufficient words which the Court construed to deny the right of appeal.

The Act of 1874, p. 63, though enacted subsequently to the law allowing appeals, was merely for the purpose of providing for one assessor in place of two, and I place no significance upon the fact that the Legislature reiterated the rest of the section. The case of *Widemann vs. Minister of Finance,* 3 Hawn., 791, is also quoted by respondent's counsel. The only point in that case was whether the Minister of Finance was legally vested with the power to make an abatement of an assessment.

The expression used by the Court, "if he did not give in his own list, then he trusted himself to the discretion of the tax-assessor," was *obiter dictum*. The Court could not have intended to say that a party thus forfeited his right of appeal, for that question was not raised or discussed. I do not consider that it is necessary that the Minister of Finance should be made a party to this proceeding, for the reason alleged that the tax-collector refused to grant this appeal in obedience to the orders of his superior; for this order I do not consider to be a needful rule or regulation for the assessment of taxes, but the construction which the Minister has placed upon the statutes we are now considering. Though his subordinates were bound to accept this construction, it was always subject to challenge by the tax-payer.

The Act of 1860 allows an appeal to anyone "disputing the amount of his assessment," and the assessor must close his books by the 1st of September.

During September, October and November, the books are in the hands of the collector; the disputes then must arise with the tax-collector, or rather, the tax-payer learns the amount of taxes which have been assessed to him from the tax-collector, for it is during these months that the tax-collector must demand payment of the taxes assessed. There is nothing in the statutes to warrant the presumption that the tax-payer has any knowledge of the amount of his assessment until he ascertains it from the tax-collector during the months above mentioned, but the tax list placed in the collector's hands affords no evidence as to whether the assessment was made upon the return of the tax-payer or by the assessor upon the best information within his reach in default of such returns, that is to say, the law does not require the tax-assessor to note on his official book the sources of his information, and such a fact, if noted, is no part of the official record.

I think it highly proper that the Legislature should provide for some penalty for the tax-payer's not making due returns, but it is not in the power of the Court to say that the penalty of

such default shall be the forfeiting of his right of appeal, there being no words in the law plainly imposing this penalty.

The mandamus may issue as prayed for.

*S. B. Dole,* for petitioner.

*The Attorney-General,* for respondent.

November 30, 1877.