### AIKOE *vs.* F. H. HAYSELDEN, Tax Assessor.

#### MANDAMUS.    BEFORE JUDD, C.J.

#### OCTOBER, 1884.

The signing of an assessment blank by the person making and filing it, held to be waived by the failure of the assessor to require it at the time of filing: and the assessor having refused to grant a certificate of appeal because said blank was not signed, the duty of the tax-payer to file a written notice of appeal was also waived. Mandamus issued to compel the assessor to grant a certificate of appeal.

#### DECISION OF JUDD, C.J.

This is a petition for a mandamus to compel the issuing of a Certificate of Appeal to the Court of Tax Appeal of Honolulu.

On the part of the petitioner it is shown that she, by her attorney, G. W. Pilipo, placed, on the 31st July, 1884, in respondent's hands a list of her property with valuation, on a blank furnished by respondent. The blank was not signed, but Mr. Pilipo says he was ready to sign it when sworn to its correctness by the assessor, and which he expected him to do; but the assessor took and accepted the return without requiring him to sign or swear to it. That on the 12th of September (one of the days on which the assessor is required by law to attend with his tax list in order that persons liable to taxation may inspect the same), Mr. Pilipo went to respondent's office, and on examination of the list found that the valuation of the property of Aikoe had been much increased; that he stated to respondent that he desired to appeal against the assessment, and thereupon demanded a certificate of appeal. The respondent replied that he would not grant him an appeal because the return was not signed and was not a legal return. The refusal to grant an appeal being persisted in, the petitioner applies for a mandamus to compel the granting of a certificate of appeal.

The answer and return of the respondent is to the effect that the petition is insufficient because it is nowhere alleged that the plaintiff has lodged with the tax assessor a notice in writing stating the grounds of objection to her assessment, or that she deposited therewith a sum for costs of appeal as by law required. Also, that the assessor duly advertised the days according to law, during the month of July, when he would meet the residents of Honolulu to receive statements of their property, and that during such time neither the plaintiff nor anyone on her behalf presented to the assessor any statement of her property, and that thereupon he assessed the property of the plaintiff in accordance with the law.

The assessor states in evidence that he has no recollection of Mr. Pilipo's presenting him with Aikoe's return—that the first recollection he has of this matter is an interview on the 12th September, when he refused the appeal to Mr. Pilipo because the return was not signed. Mr. F. L. Clarke, who acted as the

assessor's assistant, says that he has no recollection of who gave him Aikoe's return, but that it bears the endorsement in his handwriting "Aikoe, Honolulu, Rec'd August 1st, 1884," and that he was instructed to endorse dates and receipts of blanks deposited after 31st July.

. Mr. Pilipo is quite positive that he handed the return to Mr. Hayselden on the 31st July, and details the circumstances. He also says that when he presented the return he asked Mr. Hayselden if there was anything more to do, and Hayselden replied "No." It is quite possible that Mr. Hayselden did not hand the return to his assistant (Clarke) until August 1st. In default of distinct recollection to the contrary by Hayselden and Clarke, I feel compelled to take Mr. Pilipo's statement as the true explanation.

The facts being thus settled, the question arises whether the assessor was justified in refusing the appeal on the ground that the return was not signed.

. The law requires the return to be signed. It is equally imperative in requiring it to be sworn to. The petitioner's counsel says he was ready to comply with these requisites, but that the assessor did not require them of him. It is the plain duty of the assessor to see to it that the formalities of the law are complied with, and he must call the attention of the person presenting the return to the defect. If he, however, accepts it without question, it must be taken as being conformable to the law and he cannot thereafter take advantage of the defect and deny an appeal on account of this defect.

But it may be said that the signing of the return is a requirement of the law binding upon the taxpayer separate and distinct from the requirement of swearing to it. So far as this . case is concerned it must be held otherwise, for the blank prepared by the Government contains at the end a jurat in the form prescribed by the statute and below it a blank line for the signature, and below this the following: "Signed and sworn to before me this_____day of_____188____

_____Tax Assessor."

This is quite sufficient to make the person presenting the return believe that the signing must be in presence of the tax assessor and as part of the act of swearing to it, and also that the date is to be filled out by the assessor.

The further point made in the answer to the petition, that the petitioner did not lodge with the assessor a notice in writing stating his grounds of objection to the assessment nor deposit costs of appeal, I consider insufficient under the facts of this case.

It is a well-settled principle of law that "where the tender or performance of an act is necessary to the establishment of any right against another party, this tender or offer is waived or becomes unnecessary when it is reasonably certain that the same will be refused."

This principle was adopted by the Supreme Court in *Johnson vs. Tisdale*, 4 Hawn., 605.

The assessor had said that he would not grant a certificate of appeal to the applicant because the return was not signed. The applicant was not obliged to state his objection to the assessment in writing or to tender costs, for he had more than reasonable cause to believe that his appeal would be refused. It would be a work of supererogation, after such a positive statement by the assessor, to write out the objection to the assessment and to tender costs.

I am of the opinion that the petitioner is entitled to a certificate of appeal.

Let a mandamus issue.

*G. W. Pilipo,* for plaintiff.

*The Deputy Attorney-General,* for respondent.

Honolulu, October 6th, 1884.