OF THE

## Territory of Arizona,

### During the Year 1887.

[Civil No. 171. Filed January 10, 1887.]

[S. C. 12 Pac. 567.]

JOHN S. JOHNSON, Plaintiff and Respondent, v. P. R. TULLY et al., Defendants and Appellants.

1. APPEAL AND ERROR—APPEAL FROM SUPREME COURT OF TERRITORY TO UNITED STATES SUPREME COURT—JUDGMENT FIXES AMOUNT IN CONTROVERSY—ACT OF CONGRESS OF MARCH 3, 1885, CITED.—The act of congress of March 3, 1885, provides that "no appeal or writ of error shall hereafter be allowed from any judgment * * * in the supreme court of any of the territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars." Where the judgment is for less than that sum and in favor of the plaintiff and acquiesced in by him and the appeal was taken by the defendant against whom the judgment was rendered, and by the defendant the appeal is now prayed, the amount in controversy must be the amount of the judgment, and an appeal to the United States Supreme Court cannot be had.

FORMER OPINION. ANTE, 214.

PETITION for allowance of appeal to the Supreme Court of the United States. Denied.

The facts are stated in the opinion.

Earll, Campbell & Stephens, and Charles Silent, for Appellants.

Jeffords & Franklin, R. D. Ferguson, O. T. Rouse and Rush, Wells & Howard, for Respondent.

BARNES, J. This was an appeal from the district court of Pima county, from a judgment in favor of the plaintiff, Johnson, against the defendants L. Zeckendorf & Co. The amount of the judgment appealed from was $4,304.93, and was rendered in said court on the twenty-sixth day of September, 1885. On the eighth day of November, 1886, in this court, the said judgment was affirmed. Thereafter defendants filed their petition for a rehearing, which petition was on the eighth day of January, 1887, denied. The defendants thereupon prayed an appeal to the supreme court of the United States, and their application is accompanied with the affidavit of L. Steinfeldt, one of the defendants, who swears that the amount in dispute exceeds the sum of $5,000.

The act of Congress of March 3, 1885, provides that "no appeal or writ of error shall hereafter be allowed from any judgment..*..*..*..in the supreme court of any of the territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars."

The affidavit does not state that the matter in dispute, exclusive of costs, is over $5,000. The person who makes the affidavit has evidently based it upon the idea that the accrued interest since the rendition of the judgment in the district court, added to the judgment, makes a sum in excess of $5,000 and therefore his affidavit that the matter in dispute does exceed the sum of $5,000. The interest upon a judgment is an incident to the judgment, created by law, and it is not a part of the judgment itself. The judgment in favor of the plaintiff was acquiesced in by the plaintiff, and an appeal was taken by the defendant, against whom the judgment was rendered, and by the defendant the appeal is now proved. The

amount in controversy must be the amount of the judgment. The supreme court of the United States, in the cas of *Merrill* v. *Petty,* 16 Wall. 341, lays down the doctrine that the amount required is to be ascertained and determined by the sum in controversy at the time of the judgment in the circuit court, and not by any subsequent additions thereto, such as interest; and, further, that if the verdict is given against the defendant for a less sum, and judgment is rendered against him accordingly, nothing is in controversy between him and the plaintiff, if the plaintiff acquiesces in the judgment, beyond the sum for which the judgment is given. This case, and cases cited, together with the case of *Barney* v. *Martin,* 91 U. S. 365, seem to be decisive of this question. We are therefore compelled to hold that the amount in controversy in this case does not exceed the sum of $5,000, and therefore an appeal cannot be had to the United States supreme court from this court.

The appeal from this court is denied.