## THE CITY OF ALEXANDRIA.

*(District Court, S. D. New York.* December 20, 1890.)

COLLISION—PRACTICE—DECREE.
> Where several libelants, having distinct damage interests, recover in a cause of collision, the decree may be in form for recovery by all of the aggregate sum, and directing a distribution to each of the sums respectively adjudicated to them.

In Admiralty. Libel for damages by collision.
*George A. Black,* for libelant.
*Robert B. Benedict,* for claimant.

BROWN, J. In this cause of collision the damages were divided, (31 Fed. Rep. 427,) and, a number of seamen and others having been afterwards joined as co-libelants to recover damages for their individual losses, the libelants have presented for settlement a decree which is, in effect, a several decree in favor of each individual interest. The claimants object thereto, and ask that the decree be a single decree, upon which a single execution would issue, with directions for distribution by the clerk to the several libelants of the amounts awarded to them, respectively. The difference in the form of the decree has respect to its supposed bearing upon the right to appeal, and upon a stay of proceedings as respects the various individual interests. It is not necessary to determine whether any difference might result in that respect. The precise question here raised seems to have been presented to Judge WOODRUFF, as circuit judge of this circuit, and to have been determined by him in favor of the claimants, in the case of *Avery* v. *The Wanata;* and, as the question was deliberately considered by him, his decision should be followed here.[1] See *The Connemara,* 103 U. S. 754; *Ex parte Baltimore, etc., R. Co.,* 106 U. S. 5, 1 Sup. Ct. Rep. 35; *The Propeller Bur-*

---

[1] Per WOODRUFF, C. J. The claimants ask that the decree herein may award a gross sum to the libelants, and execution therefor; the same to be distributed by the clerk to the several libelants, according to the amounts of their several loss or damage caused by the collision, for which the schooner is condemned. The libelants, on the other hand, ask that the decree be in substance severed decrees; that is to say, that it condemn the schooner for each several amount of loss, and award execution to each libelant to collect the amount of his separate loss. The materiality of these conflicting claims is supposed to arise from the apprehension of an appeal by the libelants to the supreme court, and a suggestion that, if the decree were in the form last mentioned, no appeal would lie from those parts of the decree which awarded to either or any of the libelants a sum less than $2,000: and that the supreme court would not have jurisdiction to reverse any part except that which awards more than $2,000 to one of the libelants. Whether the form proposed by the claimants of decreeing the payment of a gross sum, to be distributed among the libelants, will affect the question of the jurisdiction of the supreme court to reverse the whole decree if found erroneous, is not for this court to decide. If the apparent injustice of compelling the claimants to pay a part of the loss when the decision of the supreme court, as the case may be, declares that the claimants or their schooner have been wrongfully condemned, and ought not to be required to pay anything, can be avoided without violating any important rule of practice or form, then surely such avoidance would be matter for satisfaction rather than regret. Such apparent injustice was strongly illustrated in the case of Rich v. Lambert, 12 How. 347, and perhaps still more strikingly in the cases of The Mary Eveline and Petty v. Merrill, 3 Ben. 438, 16 Wall. 338, 348. I therefore settle the decree in the form which the claimants have requested.

*lington*, 137 U. S. ——, 11 Sup. Ct. Rep. 138. The form of the decree will be in favor of the libelants for the gross amount awarded, with further directions that the said sum be distributed to the different named libelants in the amounts heretofore adjudicated to each.