SIMOHTOH, Circuit Judge.
The bill is for the foreclosure of a mortgage of personal property. The property mortgaged consists of machinery in an oil mill. The bill alleges that the defendant gave its promissory note in writing in the sum of $3,000, bearing interest at the rate of 6 per cent, per annum, with provision that in case of default at maturity attorney’s fees were to be paid; and that the note 'was not paid at maturity. To secure this, a mortgage of the personalty was given, estimated to be worth some seven or eight thousand dollars. The bill, in addition to the prayer for foreclosure, prays also for the appointment of a receiver. Upon filing the bill, a rule was issued against the defendant to show cause why a receiver be not appointed as prayed for. The defendant has filed a return to the rule. In this return the jurisdiction of the court is challenged upon two grounds: First, because the complainant has a plain, adequate, and complete remedy at law; and, second, because, before suit brought, defendant had paid upon this note the sum of $1,500, thus reducing *69 the claim below the jurisdictional amount. The return also sets up a failure of consideration of the note, out of which, as a set-off, defendant has a claim for some $1,900 and upward. This last suggestion demonstrates that the remedy at law is not plain, adequate, or complete. Nominally, the mortgagee of a chattel on condition broken can enter and take possession of the chattels mortgaged, sell the same, and account for the surplus; or, in case of refusal on the part of the mortgagor to surrender the chattel, the mortgagee has his action for claim and delivery. But the ease and simplicity and adequacy of these remedies is destroyed when the actual sum due on the mortgage is the subject of contention, investigation, and trial.
The difficult question is as to the jurisdictional amount. The payment of the $1,500 is admitted by the complainant. Its legal effect is denied. The defendant insists that it paid the money, and appropriated the payment to the note. The complainant contends that the sum was remitted because of the note, which, however, with the knowledge of defendant, was not in its possession, but had been discounted with a bank; and that, crediting the defendant with the sum on general account, there still remains a balance due in excess of $2,000, besides interest and costs. I take it that the rule is this: Whenever, by an inspection of the complaint,—perhaps of the whole record,—it appears that the amount claimed is within the jurisdictional limit, or that, being apparently beyond it, the statement is collusive, or a fraud on the jurisdiction, the court must dismiss the cause. But when it is necessary, in order to ascertain the amount involved in controversy, to consider conflicting testimony, or to decide disputed questions of law, this necessity alone gives the court jurisdiction. The court, under such circumstances, must hear the case, and reach its conclusion judicially; in other words, must take jurisdiction. Nor is it enough that there appears to be a valid defense to a part of the claim (Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 505, 13 Sup. Ct. 416), nor that the judge should be under a personal conviction, however strong, that the amount really in controversy is within the limit prescribed for the court. The facts made distinctly to appear in the record must create a legal certainty of the conclusion based on them. Barry v. Edmunds, 116 U. S. 559, 6 Sup. Ct. 501. The bill states that complainant holds the note of the defendant in the sum of $3,000, with interest at the raté of 6 per cent, per annum from December 1, 1895. It then states that on that note there is now due and owing $2,040, exclusive of interest and attorney’s fees. The defendant, in its return, claims to have remitted to the plaintiff $1,500, and that this sum had been appropriated towards this note. In reply, complainant denies that this appropriation could be made, and alleges that the sum was received and carried to the general credit of defendant, resulting in a balance in complainant’s favor of $2,040, as by the account filed. The amount in controversy is this sum of $2,040. And upon it several questions arise. These questions are part of the controversy. So the case at bar, and the contention of the parties therein, raise a question as to the amount really in controversy. The conclusion cannot be reached until evidence has been taken, and its result ascertained. Prima facie, the original demand is $2,040. It *70 may be reduced by set-off and payment. It may be shown to have no foundation. In the meantime the court has jurisdiction. It is on this principle that Barry v. Edmunds, 116 U. S. 559, 6 Sup. Ct. 501, and Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ot: 421, were sustained. In these, for an alleged illegal taking of personal property worth $100 or $200, the plaintiff in each case brought his action in tort for $6,900 damages. The court sustained the jurisdiction. The same course was followed in Scott v. Donald by the supreme court, at the present term. 17 Sup. Ct. 265.
Counsel for the complainant have urged that the jurisdiction can be justified because of the value of the property mortgaged. I think, however, that this is not sound, agreeing on this point with Judge Green in Werner v. Murphy, 60 Fed. 769.
The bill also asks the appointment of a receiver. From the return and the affidavits it clearly appears prima facie that the company is solvent, and that no necessity for a receiver exists on this ground. It is not denied that the defendant is in possession of chattels mortgaged to complainant, and that the condition of the mortgage has been forfeited, thus restoring the legal title in complainant; at the least giving it claim for the relief of an equitable execution by the appointment of a receiver. But this will be a harsh measure, not justified by the present appearance of the case. It is therefore ordered that the defendant enter into bond, with sureties to be approved by a judge of this court, conditioned that the defendant abide by and perform such decree as the court may finally render herein. Let the complainant or its attorneys have notice of the names of the proposed sureties on the bond, and reasonable notice of the time when the bond will be presented for approval. Let the penalty of the bond be $3,000.