*D. L. Withington, (Castle & Withington* and *C. W. Ashford* on the brief), for defendant.

---

## EWA PLANTATION CO. *v.* JAMES L. HOLT, TAX ASSESSOR OF THE FIRST TAXATION DIVISION.

QUESTION RESERVED BY CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JULY 12, 1907.                    DECIDED JULY 16, 1907.

WILDER, J., AND CIRCUIT JUDGES DE BOLT AND LINDSAY IN PLACE OF FREAR, C.J., AND HARTWELL, J.

TAXATION—*mandamus to grant certificate of appeal.*

> Mandamus lies to compel the issuance of a certificate of appeal by the tax assessor in the case of an assessment on income where the taxpayer appealed from the whole assessment and not from the difference between the amount returned and the amount assessed.

### OPINION OF THE COURT BY WILDER, J.

This is a reserved question by a circuit judge of the first circuit. The Ewa Plantation Company returned for taxation its net income for the year preceding January 1, 1907, at the sum of $577,929.56, which sum was raised by the assessor to $663,-

233.92, the difference of $85,304.36 being for an alleged estimated depreciation of its property during 1906, which the plantation claimed as a deduction. The plantation company filed an appeal to the tax appeal court from the whole of the assessment and tendered to the assessor as costs of the appeal 10 per cent. of the amount of the tax thereon, amounting to $1326.50, and demanded from him a certificate of appeal. The assessor refused to receive the costs and declined to grant a certificate of appeal. On the application of the plantation company an alternative writ of mandamus was issued against the assessor to grant a certificate of appeal, and after a return to such writ by the assessor the question whether a peremptory writ should issue was reserved for the consideration of this court.

The assessor claims (1) that no certificate of appeal is required to be issued in the case of an appeal in income tax cases, and, if that contention be not sustained, (2) that he is not required to issue a certificate of appeal in this case because the taxpayer has appealed from the whole assessment and not from the difference between the amount returned and the amount assessed, which in this case is $85,304.36. There is no merit in either one of the claims of the assessor.

The first contention of the assessor is that the statutes do not provide for a certificate of appeal in income tax appeals. Sec. 1286 of the Revised Laws as amended by Sec. 7 of Act 87 of the Session Laws of 1905 provides that "Any * * corporation * * which has made a legal return * * may appeal *from the amount assessed* to the tax appeal court * * in like manner as allowed in case of property tax appeals." In the case of property tax appeals Sec. 1245 of the Revised Laws, as amended by Sec. 9 of Act 89 of the Session Laws of 1905, provides that "Any person whose name may appear on such tax list, who shall have made his return to the assessor as in this chapter before provided, and if entitled to exemption shall have claimed such exemption, and who may deem himself aggrieved by any change made by the assessor in the valuation of the property as

returned; or in the amount or character there f, or whereby the amount payable by such person is increased beyond the amount which would be payable by him according to such return; or whose claim for exemption shall not have been allowed, may appeal *from such assessment* on lodging with the assessor or deputy assessor on or before May 15 a notice thereof in writing, stating the grounds of his objection to the assessment or to any part thereof, and depositing therewith the costs of such appeal." Sec. 1246 of the Revised Laws provides in substance that the costs to be deposited shall be 10 per cent. of the amount of the tax.   Sec. 1247 of the Revised Laws, as amended by Sec. 10 of Act 89 of the Session Laws of 1905, provides that "On receiving the amount of costs and the statement of appeal the assessor *shall* grant to the person appealing a certificate," the form of which in substance is set out.   There is no question but that in the case of a property tax a taxpayer whose valuation in his return has been changed by the assessor is entitled on complying with the statutory prerequisites to a certificate of appeal from the assessor in order that he may have his appeal heard before the tax appeal court.   And it follows also without question that a taxpayer who has made a return of income according to law for taxation purposes is likewise entitled on filing his appeal and paying the costs prescribed to a certificate of appeal to enable him to bring his case before the tax appeal court.   The statute is clear in allowing a taxpayer under such circumstances to appeal "in like manner as allowed in case of property tax appeals," and he is entitled to a certificate of appeal as much in appealing from assessments on income as he is in appealing from assessments on property.   It is furthermore provided by Sec. 1287 of the Revised Laws that all of the provisions and regulations in regard to property taxes shall apply to income taxes except where they are superseded by or inconsistent with the income tax sections, and the provision as to a certificate of appeal in the case of a property tax is not superseded by and is not inconsistent with the income tax provisions.

The second contention of the assessor is that he is not required to issue a certificate of appeal because the taxpayer has appealed from the whole assessment of $663,233.92 and not from the amount in dispute of $85,304.36. As already pointed out, a taxpayer who files his appeal and pays the costs is entitled to and the assessor "shall grant to the person appealing" a certificate of appeal in order that the taxpayer may get a hearing before the tax appeal court. The assessor has no right to refuse to issue a certificate of appeal even if it is assumed that the taxpayer is attempting to appeal from more than it has a right to. In that view it is simply a question of the taxpayer putting up more costs than required, but that is the taxpayer's lookout and not the assessor's. Once the taxpayer files an appeal to the tax appeal court and pays the costs, the assessor is bound to issue him a certificate of appeal. When the case comes on for hearing before the tax appeal court the assessor can then make his claim before that court that all that is involved is the difference between the amount returned and the amount assessed.

It is urged by the assessor that that part of Sec. 1265 of the Revised Laws, as amended by Sec. 15 of Act 89 of the Session Laws of 1905, providing that "No taxpayer shall be exempt from any delinquent penalties by reason of having made an appeal on his assessment; but no delinquent penalty shall attach to the tax on the actual amount in dispute until such appeal shall be finally decided. The amount in dispute being the exemption claimed or the difference between the amount returned by the taxpayer and the amount assessed," shows that unless the appeal is limited to the amount in dispute or the exemption claimed it is no appeal at all and consequently that a certificate of appeal is not required to be issued. But that provision, if applicable to income taxes, has nothing to do with certificates of appeal and deals with penalties and delinquencies. The most that can be claimed by virtue of that section is that the taxpayer, irrespective of its appeal, might be delinquent as to all over the amount in dispute.

The statute is peremptory in requiring that the assessor "shall grant to the person appealing a certificate" of appeal and gives the assessor no discretion in the matter.    It is not within his power to refuse to issue a certificate because he thinks the appeal is not a proper one.    Cases where the issuance of a certificate of appeal has been enforced by mandamus are *In re Richardson,* 6 Haw. 216, and *Akoe v. Hayselden,* 6 Haw. 534.

Attention is called to the fact that the pleadings in this matter do not conform to the practice as laid down in *Bradley v. Thurston,* 7 Haw. 533, and in *Hackfeld v. King,* 11 Haw. 9, but as no objections were made by counsel no further comment is made.

The circuit judge is advised that a peremptory mandate should issue.

*H. E. Cooper, Castle & Withington, Smith & Lewis* and *Holmes & Stanley* for petitioner.

*E. C. Peters, Attorney General,* for respondent.