IN RE PETITION BY EWA PLANTATION COMPANY FOR ALLOWANCE OF APPEAL FROM DECISION IN RE ASSESSMENT OF INCOME TAXES.

ARGUED MAY 12, 1908.                    DECIDED MAY 15, 1908.

BEFORE HARTWELL, C.J., AT CHAMBERS.

The taxpayer has filed a petition to be allowed an appeal to the United States Supreme Court from the judgment of

this court of January 27 last, reversing the decision of the tax appeal court and affirming the assessment made by the tax assessor. The facts shown by the records in the case are stated in the opinion of the court *In Re Assessment of Taxes, Ewa Plantation Company,* 18 Haw. 530, as follows:

"Ewa Plantation Company returned its gross income for the year 1906 at $1,907,928.77 derived almost entirely from sales of sugar. Against this it claimed a deduction of $1,290,-109.76 under the heading 'Amounts expended in the purchase or production of movable property mentioned in Schedule A.' This with other deductions which are not in issue brought its net income, as returned, to $577,929.56, on which the tax at two per cent. amounted to $11,558.59. Included in the deduction of $1,290,109.76, as shown by the books of the corporation, was the amount of $85,304.36 written off as depreciation of its property against the crop of 1906. This item was disputed by the assessor, who subtracted it from the deduction claimed and assessed the net income at $663,233.92 and the tax at $13,264.65. The plantation appealed from the total assessment and was held to be entitled to a certificate of appeal. *Ewa Plantation Co. v. Holt,* 18 Haw. 362. The only controversy before the tax appeal court was upon the item of $85,304.36 upon which the tax amounts to $1706.09. The tax appeal court sustained the contention of the plantation that it was entitled to the deduction claimed, from which decision the assessor appeals to this court."

In this court also "the only controversy was upon the item of $85,304.36 upon which the tax amounts to $1706.09."

The petitioner bases its right of appeal solely upon the allegation "that the matter and amounts involved in the above entitled suit exceeds, exclusive of interest and costs, the sum of Five Thousand ($5000) Dollars," the condition of appeal imposed by the act of March 3, 1905, amending Sec. 86, Organic Act. The act of August 13, 1888, 25 Stat. 433, ch. 866, provides that no appeal shall be allowed "unless the matter in dispute, exclusive of costs," shall exceed the sum of five thousand dollars. The expression in the judiciary act, Rev.

Stat. Secs. 691, 692, relating to the appellate jurisdiction of the United States Supreme Court is "matter in dispute." "Amount involved" appears in the act of May 17, 1884, 23 Stat. 24, ch. 57, Sec. 38, providing civil government for Alaska. These appear to be convertible terms. *Barry v. Mercein,* 46 U. S. 119; *Pratt v. Fitzhugh,* 66 U. S. 273; *Gray v. Blanchard,* 97 U. S. 564. In *Henk v. Baumann,* 100 Wis. 28, the court said that the term "amount involved" is "the amount actually in controversy between the parties." In *New England Mortgage Co. v. Gay,* 145 U. S. 128, the plaintiff sued for $8500 and recovered $6800, "So that the amount actually in dispute between the parties in this court is the difference between the amount claimed and the amount of the verdict." "It is well settled that our appellate jurisdiction, when dependent upon the sum or value really in dispute between the parties, is to be tested without regard to the collateral effect of the judgment in another suit." *Washington, etc., R. R. v. District of Columbia,* 146 U. S. 232. "There must be a controversy which involves pecuniary value exceeding $5,000 for the party appealing." *Caffrey v. Oklahoma Ter.,* 177 U. S. 348.

"The judgment in this case is for $7,275.16, but it appears affirmatively on the face of the record that of this amount $2,669.03 was not disputed below. The defence related alone to the difference between these two amounts, which is less than $5,000. The dispute here is only in reference to the amount contested below. Such being the case, we have no jurisdiction." *Jenness v. Citizens' National Bank of Rome,* 110 U. S. 52.

This was not an action to recover the tax but a proceeding to determine its amount, the difference between the parties, to which the controversy relates, being $1706.09, which is all that is involved in the case. If the judgment were reversed on appeal the appellant would be the gainer to that amount and not otherwise.

The taxpayer's claim in support of its right of appeal is as

follows: That the result of the judgment affirming the assessment of the net income at $666,233.92, upon which the tax would be $13,264.65, is to affirm that assessment; that "if either the tax appeal court or the assessor had the power to levy an execution the amount would be fixed at $13,264.65;" therefore, that this sum "is the amount or matter upon which the action is brought and issue joined," and "that the principles should apply as if an action had been brought for the recovery of $13,264.65 in a court having jurisdiction to determine the amount of final judgment and to issue an execution upon the rendition thereof;" further that "The plaintiff's complaint in this cause is the assessment made by the Assessor for by his action he fixes the claim for payment to be made by the company to the Territory and if the amount of the assessment equals the jurisdictional requirement it is sufficient."

*Smith v. Adams,* 130 U. S. 167, is cited, in which the court says: "By matter in dispute is meant the subject of litigation, *the matter upon which the action is brought* and issue is joined and in relation to which, if the issue be one of fact, testimony is taken." *Cowell v. City Water Supply Co.,* 121 Fed. 53, defines the term as "the amount or value of that which the plaintiff claims to recover or the amount or value of that which the defendants will lose if the complainant obtains the recovery he seeks," and *Lee v. Watson,* 1 Wall. 337, defines it as "the subject of litigation, the matter for which the suit is brought and upon which issue is joined," and "in an action upon a money demand, where the general issue is pleaded, the matter in dispute is the debt claimed."

It is urged that even if it appear that the defendant has a complete defense "this does not change the jurisdictional amount if the original amount claimed in the declaration equals the amount required by the statute." *Schunk v. Moline, Melbourne & Stoddard Co.,* 147 U. S. 500; *Stillwell-Bierce v. Williamson Oil Co.,* 80 Fed. 68.

It is claimed that "The fact that the Tax Assessor admitted the correctness of certain of the calculations of the Ewa Plantation Company at the trial before the Tax Appeal Court does not affect the amount involved in the proceedings instituted by him when he levied the tax of $13,264.65 against the company," the jurisdiction being complete when "it is necessary for the plaintiff to bring a defendant into court in order to obtain from him an admission as to the amount of plaintiff's claim and the remainder is less than the amount required by statute." *Fuller v. Metropolitan Life Ins. Co.,* 37 Fed. 154. The appeal being asked by the defendant the value of the matter in dispute is the amount of the judgment rendered against it, while in an appeal by a plaintiff it is the amount of the original claim. *Zeckendorf v. Johnson,* 123 U. S. 618; *Merrill v. Petty,* 16 Wall. 344.

In *Smith v. Adams,* 130 U. S. 167, a case to determine the validity of a statute of Dakota changing a county seat, the court said: "It is conceded that the pecuniary value of the matter in dispute may be determined not only by the money judgment prayed, where such is the case, but, in some cases, by the increased or diminished value of the property directly affected by the relief prayed or by the pecuniary result to one of the parties immediately from the judgment," and dismissed the appeal. In the *Cowell* case, 121 Fed. 53, the appeal was dismissed because "it is the amount or value of that which the complainant claims to recover or the sum or value of that which the defendant will lose if the complainant succeeds in his suit that constitutes the jurisdictional sum or value of the matter in dispute." In *Lee v. Watson,* 1 Wall. 337, the appeal was dismissed, an amendment having been made in the amount of damages claimed "for the purpose of bringing the case within the appellate jurisdiction." In the *Schunk* case, 147 U. S. 500, an action on promissory notes, some of which were not due, under the statute an attachment had issued against

the defendant's property. The court held that the plaintiff's claim to the entire sum was in good faith and not "simply to give this court jurisdiction." *Stillwell-Bierce v. Williamson Oil Co.,* 80 Fed. 68, was a bill for foreclosure of a mortgage to secure a note of $3000. The defendant had paid $1500 but the plaintiff denied the legal effect of the payment or appropriation of it made by the defendant, hence the amount in controversy was not lessened. 37 Fed. 163, was a bill for discovery and accounting, the plaintiffs claiming $1231. The defendants claimed that the court had no jurisdiction because they admitted that $1231 were due from a certain endowment fund. But as the plaintiffs sought to recover under the reserve dividend of their policy of insurance, the controversy was held to include the sum claimed. *Zeckendorf v. Johnson,* 123 U. S. 617, held that the amount of judgment with interest to its date determined the jurisdictional amount; and so *Merrill v. Petly,* 16 Wall. 344.

Undoubtedly, as shown by the cases cited, a defendant cannot deprive the plaintiff of his appeal by admitting that he owed enough to bring the balance below the jurisdictional amount and a judgment when made for the plaintiff determines that amount.

In this case, however, the only litigation in the tax appeal court and here was upon the sum to be deducted. If the taxpayer had appealed from the general assessment of the tax appeal court as it did from that of the tax assessor the question of the validity of the entire tax would have come up and required a decision affirming or disaffirming the assessment; but the Territory only appealed from the tax appeal court and solely, as shown by the record, upon the allowance of the disputed deduction.

If it were discretionary to allow this appeal and to leave the Territory to move in the United States Supreme Court for its dismissal, I should prefer that course. A justice of that

court allows appeals upon an ex parte showing, but a justice of this court acts on such matters with full knowledge of the facts. If the right of appeal appeared on the facts to be an open question, I should prefer to allow it but the case shows that the amount involved does not exceed $1706.09.

Petition denied.

*H. E. Cooper* for taxpayer.

*C. R. Hemenway, Attorney General,* for the Territory.