BRUCE & Another *v.* MANCHESTER & KEENE RAILROAD.

APPEAL FROM THE CIRCUIT COURT OF THE . UNITED STATES FOR THE DISTRICT OF NEW HAMPSHIRE.

Submitted March 22, 1886.—Decided April 5, 1886.

The matter in dispute, on which the jurisdiction of this court depends, is the matter which is directly in dispute in the particular cause in which the judgment or decree sought to be reviewed has been rendered ; and the court is not permitted, for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties.

*Elgin* v. *Marshall*, 106 U. S. 578, affirmed.

This was a motion to dismiss. The case is stated in the opinion of the court.

Mr. *Frank W. Hackett* and Mr. *J. W. Fellows* for the motion.

Mr. *F. A. Brooks* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit, at the time of the decree appealed from, was by Alexander Bruce, a citizen of Illinois, and William Shepard, a citizen of Massachusetts, against the Manchester and Keene Railroad, a New Hampshire corporation, to collect interest due on certain bonds of the railroad by the foreclosure of a mortgage made to trustees to secure a series of bonds amounting in the aggregate to $500,000. There were other parties, both plaintiff and defendant, when the suit was begun, but a discontinuance was entered before the decree as to all but these. The bill was filed in behalf of the complainants and all other like creditors, not citizens of New Hampshire, who might come in and contribute to the expenses, but no such creditors had come in or connected themselves with the suit in any way at the time of the decree. The railroad filed an answer, and upon final hearing the bill was dismissed. The record shows that the complainant Bruce owned bonds for $7500, on which interest was past due and unpaid to the amount of not more than $3000; and Shepard $1000 of bonds, on which not more than $400 of interest was due. After the bill was dismissed the complainants, Bruce and Shepard, took a joint appeal, which the railroad now moves to dismiss because the value of the matter in dispute does not exceed $5000.

This motion must be granted. The case comes clearly within the rule established in *Elgin* v. *Marshall*, 106 U. S. 578, in which it was decided that the matter in dispute, on which our jurisdiction depends, is "the matter which is directly in dispute in the particular cause in which the judgment or decree sought to be reviewed has been rendered," and that we are not permitted, "for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties." Although the principal

of the bonds owned by one of the complainants exceeds $5000, the suit is brought to recover only the interest, which is less. These complainants are in no way authorized to represent the other bondholders. They sued for themselves and all others in like situation who might join with them, but no one saw fit to join. They were allowed to proceed alone, and the payment to them of their interest would have been a bar to the further prosecution of the suit. So, if a decree had been rendered in their favor without others joining in the suit, either by petition or by proof before a master, or otherwise, it would have been satisfied by the payment of the amount found due to them, and no further proceedings could thereafter be had. It is true, if such a payment should not be made, and a resort to a sale of the mortgaged property should be necessary to collect what was due to them, the other bondholders would have an interest in the proceeds and could be called in before a master for that purpose; but that would be only one of the collateral or indirect effects of the decree not to be considered in determining our jurisdiction. On the case as it stood when the bill was dismissed, the only matter directly involved was the right of Bruce and Shepard to have the mortgaged property sold to pay the several amounts due them respectively for interest on their bonds. This is all that has been denied. It follows that the matter in dispute here is less than our jurisdictional limit.

*Dismissed.*