## MILLER *v.* CLARK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 1366. Submitted January 19, 1891. — Decided February 2, 1891.

Where the interest of a plaintiff, whose bill in equity was dismissed on the merits by the Circuit Court, in the subject matter of the suit, did not exceed $5000, her appeal to this court was dismissed for want of jurisdiction.

MOTION to dismiss or affirm. The case is stated in the opinion.

*Mr. William B. Stoddard* for the motion.

*Mr. J. M. Buckingham* and *Mr. Simeon E. Baldwin* opposing.

Mr. Justice Blatchford delivered the opinion of the court.

On or about the 14th of April, 1887, Mrs. Irene Clark, of Milford, New Haven County, Connecticut, died, leaving a will which contained the following provisions: (1) She gave to her husband, Bela Clark, all of her household furniture, including beds and bedding, pictures and silver-plated ware; (2) She gave to her grandniece, Martha A. Buckingham, and to five other persons, one of whom was Emma J. Clark, the wife of Albertus N. Clark, one, Mary Bell Clark, and one, Ellen C. Platt, all of her personal estate, including her wearing apparel, to be equally divided between them; and (3) She appointed Albertus N. Clark to be her executor. This will was duly admitted to probate in the proper court on the 16th of April, 1887, and Albertus N. Clark qualified as executor. The inventory of the estate showed that she had $7509.83 in cash, deposits in savings banks, and bank stock; $191.30 in household goods; and $48.50 in wearing apparel.

Martha A. Buckingham, who had become Martha A. Miller by marriage, a citizen of Iowa, filed a bill in equity, on the 3d of January, 1889, in the Circuit Court of the United States for the District of Connecticut, against Emma J. Clark, Mary Bell Clark, Ellen C. Platt and Albertus N. Clark, citizens of Connecticut. The bill sets forth the death of Irene Clark, her will and its admission to probate, and the qualifying of Albertus N. Clark as executor. It further alleges that the deceased left, as a part of her estate, $4500 and accrued interest, deposited in the Connecticut Savings Bank of New Haven, Connecticut; that such sum was evidenced by three bank-books, one in the name of Ellen C. Platt, one in the name of Mary Bell Clark, and one in the name of Emma J. Clark, each of which books represented the deposit of the sum of $1500 and accrued interest; that such books were in the possession of Irene Clark at the time of her death, and came into the possession of Albertus N. Clark, as executor, who, as such executor, was rightfully entitled to the possession of them and to such deposits of money; that he wrongfully parted, or was intending to part, with the possession of such books and deliver them

respectively to the three parties in whose names they stood; that such books were then wrongfully in the possession of said parties; that the money represented by them was, at the time the executor made his inventory, and also now, in said Connecticut Savings Bank; that he had wrongfully neglected to include in his inventory the said $4500; and that that sum is wrongfully withheld from said estate.

The prayer of the bill is for a decree compelling the three other defendants to turn over to the executor the said bank-books, and ordering him to receive them and the money deposited in the Connecticut Savings Bank, and to include the said sum of $4500 and accrued interest as assets of the estate of Irene Clark, and to amend his inventory so as to include the same, and to make final disposition of said money according to the provisions of the will of the deceased. An answer on oath is waived. The defendants joined in a demurrer to the bill, which was overruled; and they then joined in an answer, to which there was a replication, and proofs were taken.

The court, held by Judge Shipman, entered a decree dismissing the bill. The court (40 Fed. Rep. 15) decided the case in favor of the defendants on the merits, the opinion holding that, on the facts proved, the gifts of the moneys to the three female defendants were valid as gifts *inter vivos*, and were accepted by the donees during the lifetime of the testatrix. The plaintiff has appealed to this court. The amount represented by each of the three bank-books, on the 15th of January, 1889, did not exceed the sum of $1792.61, the aggregate of the three being $5377.83. The defendants now move to dismiss the appeal, for want of jurisdiction, because the matter in dispute as to each of the defendants other than the executor does not exceed the sum or value of $5000. United with it is a motion to affirm.

We are of opinion that the appeal must be dismissed, on the ground that the interest of the plaintiff does not exceed $5000. As the total amount involved is only $5377.83, and the interest of the plaintiff in that sum is, under the will, only one-sixth thereof, or $896.30½, this court has no jurisdiction of her appeal.                *Appeal dismissed.*