## MILLER v. CLARK et al.

*(Circuit Court, D. Connecticut.  November 3, 1891.)*

1. BILL OF REVIEW—PAYMENT OF COSTS.

 The circuit court having dismissed a bill on the merits, plaintiff took an appeal to the supreme court, which dismissed the same because the amount was insufficient to confer jurisdiction, without formally deciding that the circuit court was without jurisdiction. The mandate required appellant to pay the costs. He thereafter brought a bill to review the decree of the circuit court, and have the cause dismissed for want of jurisdiction, instead of on the merits. *Held*, that he was not entitled to a hearing thereon until he paid the costs pursuant to the mandate, or gave an excuse for not doing so; and that Act Cong. March 3, 1875, (18 St. at Large, 472,) requiring the circuit court not to proceed further with a cause if at any time it should appear that it did not involve a dispute within its jurisdiction, did not relieve him from this obligation.

2. SAME—PLEADING—STAY OF PROCEEDINGS.

 The rule requiring payment of costs on a bill to review is one of procedure rather than of jurisdiction, and hence failure to aver payment or excuse is no ground of demurrer, but should be taken advantage of by motion to stay proceedings.

In Equity.  On demurrer to a bill of review.

*J. M. Buckingham*, for plaintiff.

*Wm. B. Stoddard* and *Wm. L. Bennett*, for defendants.

SHIPMAN, J.  This is a bill of review praying that the decree heretofore rendered in the case of *Miller* v. *Clark*, by which the bill in equity was dismissed upon the merits, with costs, should be set aside and the

bill be dismissed for want of jurisdiction. The facts in the case are stated in 40 Fed. Rep. 15. The plaintiff appealed to the supreme court, where the defendants moved to dismiss the appeal for want of jurisdiction, because the matter in dispute as to each of the defendants, other than the executor, did not exceed the sum or value of $5,000. The court dismissed the appeal upon the ground that the interest of the plaintiff did not exceed $5,000, but was about one-sixth thereof. *Miller* v. *Clark*, 138 U. S. 223, 11 Sup. Ct. Rep. 300. The court did not formally decide that this court had no jurisdiction. The mandate required the payment of costs, which have been taxed, by the appellant. The bill of review in this court does not state that these costs have been paid, or give an excuse for their non-payment. Because the costs in this court have not been paid, as well as upon other grounds, the defendants have specially demurred.

In my opinion it is the duty of the plaintiff either to pay the costs in the supreme court, or to obtain an amendment of the mandate, or to give an adequate excuse for the non-payment, before the bill of review can be considered upon its merits. As the rule requiring payment of the decree or of the costs, or an excuse for the non-payment, is one of procedure, rather than jurisdictional, it seems that the omission in the bill is not a subject of demurrer, but can be properly taken advantage of by a motion to stay proceedings until the decree has been performed, or by a motion to strike from the files. *Davis* v. *Speiden*, 104 U. S. 83; 2 Daniell, Ch. Pr. 1635. The plaintiff gave upon the argument of the demurrer two reasons for silence in regard to the non-payment of costs. The first was that the old chancery rule in regard to the performance of a decree as a condition precedent to the filing of a bill of review is not now applicable, because the statute of March 3, 1875, (18 St. at Large, 472,) requires the circuit court not to proceed further with a suit, if at any time after such suit has been brought it should appear that it did not involve a dispute within the jurisdiction of such circuit court. This statute "imposes upon the circuit court the duty of dismissing the suit, if it appears at any time after it is brought, and before it is finally disposed of, that it does not involve a controversy of which it takes cognizance." *Morris* v. *Gilmer*, 129 U. S. 315, 9 Sup. Ct. Rep. 289. It does not, in terms, relate to the duty of the court upon a bill of review, after a suit has been disposed of by final decree. The plaintiff also says that the provision in regard to costs should not have been inserted in the mandate of the supreme court. I suppose that the provision was inserted in pursuance of the reasons contained in, or the authority of, *Blacklock* v. *Small*, 127 U. S. 96, 8 Sup. Ct. Rep. 1096, and *Bradstreet Co.* v. *Higgins*, 114 U. S. 262, 5 Sup. Ct. Rep. 880. Whether properly or improperly inserted, I think it must be obeyed, so long as it is in force.

Before a decision upon the other questions contained in the demurrer, proceedings under the bill of review should be stayed, until the mandate of the supreme court has been complied with, or an adequate excuse has been given for non-compliance.