Townsend, District Judge.
This is a motion for judgment on complainant’s bill of review, praying for a reversal of the decree in the original cause, and that said decree be declared void, and all proceedings therein taken from the files of this court, and for other relief. Defendants demurred to the bill of review, and the demurrer was overruled. The original case is reported in Miller v. Clark, 40 Fed. Rep. 15. Defendants object to a reversal of the decree. They claim that the circuit court has jurisdiction of the cause, and they therefore ask that the bill of review be dismissed. It seems to me that the opinion of the supreme court of the United States, dismissing the appeal in the original cause on the ground that it had no jurisdiction of the appeal, is decisive as to the jurisdiction of this court. The court there finds that the interest of the plaintiff in the amount in dispute is only $896.30½. Miller v. Clark, 138 U. S. 225, 11 Sup. Ct. Rep. 300. Furthermore, all the questions, with perhaps a single exception, discussed upon this motion, appear to have been raised on the hearing of the demurrer to the bill of review. The decision of Judge Shipman overruling said demurrer holds that the reasoning of the supreme court, deciding that it had no jurisdiction, is applicable to this case, and is conclusive on that point.
Complainant also asks that defendants be ordered to refund to her the costs of the original action paid by her in this court, and in the supreme court of the United States, and that the costs of the bill óf review be taxed in her favor. To award restitution of the costs in the supreme *902 court would be a practical reversal of the judgment of that court, and a nullification of its mandate. See Miller v. Clark, 47 Fed. Rep. 851.
In claiming restitution of the costs paid under the former decree in. this court, complainant has more show of authority. It may now be-considered as settled that a circuit court has the power, in a proper case, to order a restitution of money paid under a decree which it had not the jurisdiction to make. Fuel Co. v. Brock, 139 U. S. 216, 11 Sup. Ct. Rep. 523. When cases brought originally to the circuit court are dismissed for want of jurisdiction in such court, no costs are allowed in the circuit court. Hornthall v. Collector, 9 Wall. 560; Pentlarge v. Kirby, 20' Fed. Rep. 898. With the light now afforded by the decision of the supreme court dismissing the appeal, it is seen that this case should never have been brought to the circuit court, and should have been dismissed at the outset for want of jurisdiction, and therefore without costs to either party. It was, in fact, tried and dismissed on the merits, and costs were awarded the defendants; and, except for the want of jurisdiction, that decision was presumably and" apparently correct. Before having that decision reviewed and set aside, complainant was obliged to pay the costs so awarded, as well as the costs in the supreme court. Miller v. Clark, 47 Fed. Rep. 850. It seems just that defendants should retain these costs. The supreme court gives the defendants costs in such cases wherever it thinks it has the power to do so. Winchester v. Jackson, 3 Cranch, 514; Assessor v. Osbornes, 9 Wall. 567; Montalet v. Murray, 4 Cranch, 46; Railroad Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. Rep. 510. The latter case was one of an improper removal from a state court to a circuit court. By a special statute the circuit court is directed, in such cases, to make such order as to costs as shall be just. The defendant obtained the removal of the case to the circuit court, and, after being defeated on a trial of the merits, obtained by writ of error a reversal of judgment on the ground that the circuit court had no jurisdiction. The court say:
“It is clear that the plaintiffs in error, having wrongfully caused the removal of the case from the state court, ought to pay the'costs incurred in the circuit court. Although in a formal and nominal sense the plaintiffs in error prevail in obtaining a’ reversal of the judgment against them, the cause of that reversal is their own fault in invoking a jurisdiction to which they had no right to resort, and its effect is to defeat the entire proceeding which they originated and have prosecuted. In a true and proper sense, the plaintiffs in error are the losing, and not the prevailing, party.”
In the present case the complainant selected this court as the tribunal to-determine the question of her right to this fund. The defendants were forced to come into this court against their objection, raised by a demurrer, and to contest the claims of the complainant before this court. Now, complainant, having been defeated in the tribunal of her choice,, seeks to have these proceedings set aside, and to prosecute her claims before another tribunal. The underlying principle by which the question of costs is to be determined is that they shall be taxed in favor of the prevailing party. In the cases of restitution which have been cited *903 there appears to have always been an erroneous judgment for a substantial sum. This court ought not to order the costs returned unless it is absolutely compelled to do so by strict law, and I think it is not. The same reasons apply to the claim for costs of the bill of review.
Complainant claims that the original cause should be erased from the docket. Defendants claim that this court cannot erase the cause from the docket, because of the mandate of the supreme court directing execution for costs, and cite the case of Bridge Co. v. Stewart, 3 How. 413, in support of this claim. In Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. Rep. 1010, the circuit court had rendered a decree dismissing the bill on its merits. The supreme court, on appeal, held that the circuit court had no jurisdiction, and awarded costs in the supreme court. The circumstances, so far as regards the case in the circuit court, seem to have been substantially the same as in the present case, and the judgment ordered in that case appears to be proper here.
The motion for writ of restitution and for costs is denied. The decree of this court in the original action brought by this complainant against these defendants is reversed, and the bill in that action is dismissed for want of jurisdiction, and without prejudice.