SMITHSON v. HUBBELL et al.

(Circuit Court, D. Washington, E. D. June 25, 1897.)

1. FEDERAL COURTS—JURISDICTION OF SUITS AGAINST NATIONAL BANK RECEIVERS.

The federal courts have no jurisdiction of a suit in equity against a national bank receiver, appointed by the comptroller, unless the amount in controversy exceeds $2,000.

2. SAME—JURISDICTIONAL AMOUNT.

In a suit by a creditor of an insolvent national bank, in behalf of himself and all other creditors, to enjoin the receiver and the comptroller from paying dividends on an alleged fraudulent claim which has been allowed by them, the jurisdictional amount is to be determined solely by the amount of complainant's own claim, and not by the aggregate of all the claims of those whom he assumes to represent, or by the amount of the dividends, payment of which is sought to be enjoined.

Graves & Englehart and Crowley & Grosscup, for complainant.
William Henry Effinger, for defendants.

HANFORD, District Judge. The complainant is a creditor of the Kittitas Valley National Bank, an insolvent national banking association, in the hands of a receiver appointed by the comptroller of the currency, having proved and established his claim for the amount of $1,764.05, no part of which has been paid; and the object of this suit is to obtain an injunction to prevent the payment of dividends on a claim of the defendant Catlin, as receiver of the Oregon National Bank, on the ground that said claim is fraudulent as to other creditors, for the reason that the same has been allowed by the receiver of the Kittitas Valley National Bank and the comptroller of the currency, in an amount largely in excess of the true amount of all indebtedness from the Kittitas Valley National Bank to the Oregon National Bank; so that the payment of dividends on the claim as allowed will absorb so much of the assets of the Kittitas Valley National Bank that other creditors will inevitably suffer loss. The bill of complaint shows that there are other creditors having claims against the Kittitas Valley National Bank, amounting to over $20,000, exclusive of said claim represented by the defendant Catlin; and this suit was commenced and is being prosecuted by the complainant in behalf of himself and all others having an interest in the assets of the Kittitas Valley National Bank to be protected. The defendants have answered, denying the equities of the bill, and they also dispute the jurisdiction of the court to entertain the same. The case has been argued and submitted upon the complainant's application for an injunction pendente lite.

The several statutes defining the jurisdiction of the United States circuit courts do not, in my opinion, confer jurisdiction upon a circuit court of a bill in equity against a receiver of a national bank, appointed by the comptroller of the currency, if the amount in controversy is less than $2,000. Hallam v. Tillinghast, 75 Fed. 849. Therefore the question whether this case is within the jurisdiction of this court depends upon the determination of the question as to what is to be deemed as the amount in controversy. In behalf of the com-

81 F.—38

plainant, it is contended that as he sues in behalf of himself and others having claims amounting in the aggregate to more than $2,000, to protect the interests of all in the assets of the Kittitas Valley National Bank, which amounts to more than $2,000, and an injunction is sought to prevent the payment of dividends amounting to more than $2,000, by any test that may be applied, the sum or value involved in this particular suit exceeds the amount of the jurisdictional limit. I am constrained, however, by the decisions of the supreme. court of the United States to hold that the amount of indebtedness to the complainant, which is less than $2,000, must be taken as the amount involved, for the purpose of determining the question of jurisdiction. In suing as a representative of a class of persons similarly situated, and having similar rights, the complainant brings into the case only the questions to be determined; and he is not to be considered as bringing into the case the separate claims and demands of other creditors. The law does not confer upon him the authority of an agent of other creditors for that purpose, nor authorize him to augment his own distinct claim for the purpose of making a claim within the jurisdiction of the United States circuit court. The rule in such cases laid down by the supreme court of the United States in the case of Clay v. Field, 138 U. S. 464–483, 11 Sup. Ct. 419, 425, is as follows:

"The general principle observed in all is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone."

In that case the question was as to the jurisdiction of the supreme court, but the same principle governs in cases where the jurisdiction depends upon the amount in controversy, whether the question is as to the jurisdiction of the supreme court or of a circuit court. This is made clear by the opinion of Mr. Justice Brown in the case of Walter v. Railroad Co., 147 U. S. 370–374, 13 Sup. Ct. 349. The following excerpt bears directly upon the point:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite, for the convenience of litigation, in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that, when two or more defendants are sued by the same plaintiff in one suit. the test of jurisdiction is the joint or several character of the liability to the plaintiff. This was the distinct ruling of this court in Seaver v. Bigelows, 5 Wall. 208; Russell v. Stansell, 105 U. S. 303; Trust Co. v. Waterman, 106 U. S. 265, 1 Sup. Ct. 131; Hawley v. Fairbanks, 108 U. S. 543, 2 Sup. Ct. 846; Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066; Clay v. Field, 138 U. S. 464, 11 Sup. Ct. 419."

The application for an injunction will be denied, and the case dismissed, for the reason that the case is not within the jurisdiction of this court.