COWELL et al. v. CITY WATER SUPPLY CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1903.)

No. 1,785.

**1. JURISDICTION OF CIRCUIT COURT—SUM OR VALUE OF MATTER IN DISPUTE.**

The sum or value of the matter in dispute, which conditions the jurisdiction of a federal circuit court, is the amount or value of that which the complainant claims to recover, or the amount or value of that which the defendants will lose if the complainant obtains the recovery he seeks.

**2. SAME.**

In a suit by an alleged owner of $1/_{325}$ of certain real property, constituting waterworks and their appurtenances, to cancel and avoid mortgages thereon for $475.000, and to declare his interest in the property free from the liens of those mortgages, the sum or value of the matter in dispute is not the amount of the mortgages or the value of the entire property, but the value of the $1/_{325}$ of the property which the complainant claims to own, and seeks to relieve from the liens of the incumbrances.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

For opinion below, see 96 Fed. 769. See 120 Fed. 309.

W. E. Blake, for appellants.

William A. Underwood (William McNett, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree which sustained a demurrer to and dismissed a bill in equity against the City Water Supply Company, a corporation, and other parties, which was exhibited by William F. Cowell in the district court of Wapello county, in the state of Iowa, in September, 1898. The suit was removed to the Circuit Court of the United States for the Southern District of Iowa on the petition of the defendants and on April 3, 1899, the complainant, Cowell, made a motion to remand the case to the state court on the ground that the matter in dispute, exclusive of interest and costs, did not exceed the sum of $2,000. This motion was denied and the ruling of the court denying it is the first error assigned. This alleged error will be first considered, because, if this ruling was erroneous, the court below was without jurisdiction to determine the merits of the case, and it will be unnecessary to state or discuss them.

When the motion to remand was made, the sum or value of the matter in dispute was determinable from the averments of the bill and an affidavit of William A. Underwood that the value of the property of the defendant the City Water Supply Company was $300,000. The bill contained allegations of the following facts: The

¶ 1. Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

See Courts, vol. 13, Cent. Dig. §§ 890, 897.

complainant, Cowell, was the owner of one of 400 bonds, of $1,000 each, made by the Iowa Water Company, secured by a mortgage of its waterworks at Ottumwa, Iowa, and dated April 15, 1887. Default had been made in 1894 in the payment of the interest upon these bonds, and the defendants Frederick E. Potter, Winthrop Smith, Charles G. Sanford, and Frederick H. Mills became a committee of the bondholders, as such issued a plan for protecting the interests of the bondholders, and solicited the deposit of bonds with themselves under that plan. The complainant deposited his bond under the plan, and 327 other bonds of like amount and character were deposited with the committee in the same way. Thereupon this committee foreclosed the mortgage securing these bonds, bid in the property at the foreclosure sale, incorporated the defendant the City Water Supply Company, unlawfully issued $80,000 of preferred stock and $20,000 of common stock of this new company, conveyed the waterworks and their appurtenances to this corporation, and caused it to make two mortgages upon this property—one for $150,000 and one for $325,-000—both of which, together with the bonds which they secure, are void, and constitute a fraud upon the rights of the complainant, for numerous reasons set forth at large in the bill. The committee have also organized an illegal voting trust, by means of which they hold the possession and power to vote the stock of the water supply company, and the possession and operation of the plant and property of that company. The complainant brings this suit on behalf of himself and on behalf of all others of the same class who may join in the proceeding, and his prayer is that the organization of the City Water Supply Company, the stock it has issued, and the mortgages it has made, may be declared void; that his undivided interest, which he avers to be $1/328$ of the property held by the City Water Supply Company, may be declared to be free from all liens and incumbrances except a lien for $51,000, evidenced by an old underlying mortgage made by the Ottumwa Waterworks Company before the mortgage which was foreclosed was executed, or that, in the event that the court should sustain the incorporation of the supply company, and the stock and mortgages it has made, the complainant may recover of the individuals constituting the committee a sum of money equal to $1/328$ of $524,000 and $1/328$ of $1,509.79, and $1/328$ of the income and earnings of the property since it came into the hands of the committee on September 12, 1897.

It will be seen from this brief statement of the averments of the bill that the property of the City Water Supply Company was not worth, and is not claimed to be worth, more than $525,000, and that the complainant's alleged share of it was not of a value exceeding $1/328$ of $525,000, or $1,615.38, while the amount of the judgment for money which he sought to recover in case the stock and the mortgages of the supply company were sustained did not exceed $1,650, and the debt he was endeavoring to collect was only $1,000 and interest.

The Circuit Courts of the United States have no jurisdiction unless "the matter in dispute exceeds, exclusive of interest and costs,

the sum or value of two thousand dollars." 25 Stat. 433; 1 U. S. Comp. St. 1901, tit. 13, § 629, p. 508.

Where a suit is brought by one of a class on behalf of himself and all others similarly situated who may join in the proceeding, the sum or value of the matter in dispute is the amount or aggregate value of the interests of those who have joined in the suit. It is not the amount or value of the interest of the entire class. Foster's Federal Practice, § 16, p. 33. As no one had joined in this suit with the complainant when the motion to remand was made, the sum or value of the matter in dispute at that time was the amount or value of that which he would gain or of that which the defendants would lose if he recovered that for which he prayed in his bill.

It was admitted by the court below, and it is conceded by counsel for the appellee, that the amount or value of the property or of the money which the complainant sought to recover in this suit was less than $2,000. But their contention is that because the complainant prays in his bill that the mortgages made by the City Water Supply Company, aggregating $475,000, be canceled and annulled, and that his $1/325$ of the property covered by them may be declared to be free from their liens, the amount involved is the amount of the mortgages, $475,000, and the federal court has jurisdiction. In support of this contention, cases are cited in which owners of property were contesting opposing claims to it, where it is held that the value of the property the complainant claims to own is the test of jurisdiction, as in Berthold v. Hoskins (C. C.) 38 Fed. 772; Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co. (C. C.) 43 Fed. 545; Parker v. Morrill, 106 U. S. 1, 1 Sup. Ct. 14, 27 L. Ed. 72; and Smith v. Adams, 130 U. S. 167, 175, 9 Sup. Ct. 566, 32 L. Ed. 895. If the complainant were the owner of the waterworks, these cases would be controlling, and the value of that property would be the test of the jurisdiction of the court below, and that value would have sustained it. But since he claims to be the owner of only $1/325$ of this property, this fraction of its value, and not its whole value, is the test of the jurisdiction in this case, and that test defeats it. In Smith v. Adams, 130 U. S. 167, 175, 9 Sup. Ct. 566, 32 L. Ed. 895, the Supreme Court said: "By 'matter in dispute' is meant the subject of litigation— the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken." Now, the only subject of this litigation is either the bond for $1,000, or the $1/325$ of the property of the City Water Supply Company, or the judgment for not exceeding $1,650 against the members of the bondholders' committee for which the complainant prays, and in either case the sum or value of the matter in dispute does not exceed $2,000. In the complainant's attack upon the mortgages, he does not seek, and he could not, in any event, secure in this suit, as it stood when the motion to remand was made, more than the discharge of the liens of the mortgages and the stock of the supply company upon his $1/325$ of its property. He could not obtain more relief than the cancellation of these charges as to his interest in the property. He was the only complainant, and the interests of the owners of the other $324/325$ of this property could not have been re-

lieved from the lien of these mortgages or of this stock by any decree which the complainant alone could have secured in their absence from the suit. The jurisdictional amount in dispute, therefore, was not the entire stock of the water supply company, nor the entire amount of the mortgages, but the undivided interest in the property which the complainant sought in his bill, or the sum which he sought to recover in money of the individual bondholders, or the debt of $1,000 which he sought to collect, and in neither case did the sum or value in dispute exceed $2,000, so that the court below could not obtain jurisdiction.

In Parker v. Morrill, 106 U. S. 1, 2, 1 Sup. Ct. 14, 27 L. Ed. 72, Parker brought a suit in equity against Morrill and another to remove a cloud upon the title to some 25,000 acres of land, created by a claim set up by Morrill. Parker, who owned only the undivided twentieth of the tract, appealed from the decree dismissing his bill. The supreme court held that the matter in dispute was not the entire tract claimed by Morrill, but the one-twentieth of that tract owned by Parker.

In Miller v. Clark, 138 U. S. 223, 225, 11 Sup. Ct. 300, 34 L. Ed. 966, Mrs. Miller, who was one of six legatees, exhibited a bill in equity to compel the five other legatees to pay over to the executor of the will under which she claimed $5,377.83, to be divided by the executor equally among the six legatees. The defendants claimed that they had received this amount from the testatrix as a gift before her death. The Circuit Court sustained the jurisdiction. When the case arrived on appeal in the Supreme Court, the jurisdiction of that court was challenged on the ground that the amount in dispute did not exceed $5,000, and that court held that the amount in dispute in the proceeding was not the $5,377.83 which the complainant insisted that the defendants should pay over to the executor to be distributed, but that it was the interest or share of that amount which the complainant claimed that she would ultimately be entitled to receive—that is to say, one-sixth of that amount—and upon this ground the appeal was dismissed for want of jurisdiction. After this decision the circuit court dismissed the suit upon the same ground. Miller v. Clark (C. C.) 52 Fed. 900.

In Bruce v. Manchester & Keene Railroad, 117 U. S. 514, 515, 6 Sup. Ct. 849, 29 L. Ed. 990, two bondholders, holding interest coupons amounting to $3,400, brought suit to foreclose a mortgage for $500,000 which secured the payment of bonds to that amount, together with the coupons attached thereto, of which those held by the complainants were a part. Upon an appeal to the Supreme Court that court decided that the amount in dispute was not the $500,000 secured by the mortgage which the complainants sought to foreclose, but the amount of the complainants' interest therein, or $3,400, and upon this ground dismissed the appeal for lack of jurisdiction in that court.

In Werner v. Murphy (C. C.) 60 Fed. 769, 772, where a creditor whose claim was less than $2,000 brought a suit to avoid a fraudulent conveyance of property worth more than $100,000, the court held that the amount in dispute was not the value of the property fraudulently conveyed, but the amount of the complainant's claim,

and it sustained a demurrer to the bill because that amount was less than $2,000.

In Smithson v. Hubbell (C. C.) 81 Fed. 593, a creditor sought to enjoin the payment of a fraudulent claim, and it was held that the amount in dispute was the amount of the claim of the creditor, and not the amount of the fraudulent claim, the payment of which that creditor sought to restrain.

Perhaps these cases sufficiently illustrate and establish the rule that it is the amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction of the Circuit Courts of the United States. Parker v. Morrill, 106 U. S. 1, 2, 1 Sup. Ct. 14, 27 L. Ed. 72; Miller v. Clark, 138 U. S. 223, 225, 11 Sup. Ct. 300, 34 L. Ed. 966; Miller v. Clark (C. C.) 52 Fed. 900; Bruce v. Manchester & Keene Railroad, 117 U. S. 514, 515, 6 Sup. Ct. 849, 29 L. Ed. 990; Werner v. Murphy (C. C.) 60 Fed. 769, 772; Smithson v. Hubbell (C. C.) 81 Fed. 593; Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484, 27 L. Ed. 249; Robinson v. West Virginia Loan Co. (C. C.) 90 Fed. 770; Colvin v. Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, 39 L. Ed. 1053. Since that amount or value was less than $2,000 in the case at bar when the motion to remand was made, the court below never had jurisdiction of this suit, the decree below must be reversed, and the case must be remanded to the Circuit Court, with instructions to remand it to the state court from which it came, and it is so ordered.

THAYER, Circuit Judge (concurring). Inasmuch as the complainant in this case seeks by his bill to have certain mortgages annulled and canceled, that are a lien upon the property in which he claims to have an equitable undivided interest, the action must be characterized as one to remove a cloud upon a title; and as the trustees in these mortgages have been made parties to the proceeding, and the decree will be binding upon all of the mortgage bondholders, destroying their security if the mortgages are canceled, it would seem that the amount actually in controversy, for jurisdictional purposes, is the amount of these mortgages. In suits to remove a cloud upon a title, the value of the property affected or imperiled by the proceeding determines the amount actually in controversy, for jurisdictional purposes. Smith v. Adams, 130 U. S. 167, 175, 9 Sup. Ct. 566, 32 L. Ed. 895, and cases there cited. It would seem, therefore, that the amount of the mortgages which complainant seeks to have annulled ought to be regarded as the amount actually at stake, as it clearly is so far as the defendants are concerned, who removed the action to the federal court. I am of opinion that it should be so regarded if there was no other prayer for relief contained in the bill than the cancellation of the mortgages. But in the last clause of his prayer for relief the complainant prays that he be awarded a judgment against the defendants for the sum of $1,509.79 in the event that the court declines to cancel the mortgages, which is the first species of relief prayed for. As the complainant does not insist upon

his right to have the mortgages canceled, but professes a willingness to take in lieu of such relief a money decree against the defendants for the sum above stated, it is within the power of the defendant's to end the litigation at any time by consenting to the entry of a decree for the latter amount. It is also competent for the court to enter such a decree on final hearing without the defendants' consent; the plaintiff having fixed that value upon his interest in the property, and agreed to take it in lieu of the cancellation of the mortgages. Under these circumstances, I conclude that the sum of money which the complainant offers to accept may well be regarded as the amount actually in controversy, in the present instance, for jurisdictional purposes; and on that ground I concur in the order reversing the decree and directing that the cause be remanded to the state court, where it originated.