## McCONAUGHEY v. MORROW, Governor of Panama Canal, et al.

(Circuit Court of Appeals, Fifth Circuit. April 11, 1922.)

No. 3826.

**1. Courts ⬱405(5)—Motion to dismiss bill held not to raise only a question of jurisdiction.**

A motion to dismiss the bill in a suit to enjoin officers of the government from putting in effect an executive order of the President to charge employees for rent, fuel, etc., in connection with government-owned quarters in the Panama Canal Zone, stating that the court was without jurisdiction of the subject-matter, in that it was a suit against the government, etc., *held* not to raise a question as to the power or jurisdiction of the court to rule on the question of the right of the plaintiff to the relief sought, and a motion to dismiss an appeal and writ of error, on the ground that no question other than that of jurisdiction was presented in the court below, was without merit.

**2. Courts ⬱405(7)—Suit held one involving statute giving Circuit Court of Appeals jurisdiction of appeal.**

A suit by an employee of the government in the Panama Canal Zone to enjoin officers of the government from putting into effect an executive order providing for a charge for rent, fuel, etc., in connection with government-owned quarters, in that the President was without authority to make such charges under Panama Canal Zone Act, § 2 (Comp. St. § 10038), involved a statute of the United States, and the effect of the dismissal of the bill was a denial of a right asserted under that statute, and the Circuit Court of Appeals for the Fifth Circuit had jurisdiction of an appeal, under section 9 of such act (Comp. St. § 10045); such provision alone, and not any provision of the Judicial Code (Comp. St. § 968 et seq.), controlling as to the right of the court to review a final judgment or decree of the District Court of the Canal Zone.

**3. United States ⬱39(1)—President held authorized to charge employees in Canal Zone for rent, etc.**

Panama Canal Zone Act, § 2 (Comp. St. § 10038), providing that "all laws, * * * regulations, and ordinances * * * promulgated * * * by * * * the President * * * are hereby ratified and confirmed as valid and binding until Congress shall otherwise provide," did not deprive the President of the power to make an order providing for a charge being made for rent, fuel, electric current, water, and services in connection with government-owned quarters occupied by employees, in view of sections 4 and 7 of that act (Comp. St. §§ 10040, 10043); it not being shown that the employees were employed in connection with the government and sanitation of the Canal Zone or the construction of the canal.

Appeal from and in Error to the District Court of the United States for the Canal Zone; Charles Kerr, Judge.

Suit by Harvey McConaughey, for himself and others, against J. J. Morrow, Governor of the Panama Canal, and others. Decree for defendants, and plaintiff appeals and brings error. Affirmed.

William C. MacIntyre, of Ancon, Canal Zone, and William H. Jackson, of New York City, for appellant and plaintiff in error.

A. C. Hindman, U. S. Dist. Atty., of Ancon, Canal Zone, for appellees and defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. The appellant and plaintiff in error, (who will be referred to as the plaintiff), brought this suit on December 24, 1921, against the appellees and defendants in error, who, respectively, are the governor, auditor, and paymaster of the Panama Canal, and will be referred to as the defendants. The plaintiff's bill or petition alleged that he is an employee of the United States upon the Isthmus of Panama, in the service of the Panama Canal, is domiciled in the town of Balboa, in the Canal Zone, and at the time of and prior to the bringing of the suit was occupying and using a dwelling with furniture and appurtenances, belonging to the United States, which was assigned to him for free use and enjoyment during the time of his stated employment. That pleading contains the following:

"And plaintiff brings this suit for himself and in behalf of all other citizens of the United States of America, who are employees of the United States in the service of the Panama Canal and of the Panama Railroad, within the Canal Zone and upon the Isthmus of Panama; and the rights, interest, claims, grievances, and demands of all other employees of the United States in the service of the Panama Canal and of the Panama Railroad upon the Isthmus of Panama, as against the defendants herein, are identical with those of plaintiff, and the relief herein demanded. affects all such parties equally with plaintiff, and all of such persons are interested parties in the final outcome of this suit. But plaintiff says, and shows unto the court, that all of such persons interested herein, as aforesaid, number about three thousand (3,000), more or less, and reside at different parts of the Canal Zone and of the Isthmus of Panama, and that it is impracticable to join all of such parties as parties plaintiff hereto."

The relief prayed was an injunction restraining the defendants from putting into effect an executive order made by the President on December 3, 1921, providing for a charge being made for rent, fuel, electric current, water, and services in connection with government-owned quarters, on and after January 1, 1922. On the day the bill was filed an order was made requiring the defendants, at a time and place named, to show cause why the preliminary injunction prayed for should not be granted. The defendants filed a paper which, after stating that the defendants appeared specially for the purposes of the motion only, contained a motion to quash the order to show cause and to dismiss the bill of complaint for the following reasons:

"(1) That this court is without jurisdiction of the subject-matter of the said bill, in that it is a suit to enjoin the collection of funds for and on behalf of the United States and for deposit in the treasury of the United States, and is therefore in effect a suit against the United States.

"(2) That this court is without jurisdiction of the subject-matter of the said bill and of the persons of these defendants, for the reason that it appears from said bill that said defendants are officials of the executive branch of the government of the United States, and in the matters complained of in said bill are acting in their respective official capacities by and under the direction of the President of the United States. That this court has no jurisdiction to enjoin the President of the United States, or any other person carrying out his orders in their official capacities.

"(3) That the executive branch of the United States government and the judicial branch of the United States government are co-ordinate branches, and there is no jurisdiction in this court to enjoin a co-ordinate branch of the United States government in the exercise of its executive discretion."

The court sustained that motion, and dismissed the bill. The plaintiff sued out both an appeal and a writ of error.

[1, 2] In this court the defendants moved to dismiss the appeal and writ of error, on the ground that no question other than that of jurisdiction was presented in the court below, and that this court is without power to review the decree dismissing the bill on the above set out grounds. We do not think that the motion in pursuance of which the bill was dismissed raised a question as to the jurisdiction of the trial court, within the meaning of federal statutes providing for appellate review in cases in which the jurisdiction of a court of the United States is in issue. The propriety of granting the relief sought was brought into question on principles which are applicable where the court has jurisdiction of the parties and the subject-matter. The motion invoked the decision of the court on the asserted right of the plaintiff to have the relief sought. It did not raise a question as to the power or jurisdiction of the court to rule on that question. Fore River Shipbuilding Co. v. Hagg, 219 U. S. 175, 31 Sup. Ct. 185, 55 L. Ed. 163.

Furthermore, the case is one within the appellate jurisdiction conferred on this court by a provision contained in section 9 of the Panama Canal Act (37 Stat. 565 [Comp. St. § 10045]). By that provision this court is given—

"jurisdiction to review * * * final judgments and decrees of the District Court of the Canal Zone * * * in all actions and proceedings in which the Constitution or any statute * * * of the United States is involved and a right thereunder denied," etc.

The bill in this case asserted the claim that the plaintiff, as an employee of the United States in the Canal Zone, was entitled to free quarters under orders or regulations which were in force at the time of the enactment of the Panama Canal Act, and that those orders or regulations were within the terms of the following provision of section 2 of that act (Comp. St. § 10038):

"That all laws, orders, regulations, and ordinances adopted and promulgated in the Canal Zone by order of the President for the government and sanitation of the Canal Zone and the construction of the Panama Canal are hereby ratified and confirmed as valid and binding until Congress shall otherwise provide."

The claim asserted by the suit is that the just-quoted provision of the statute had the effect of continuing in force, until Congress shall otherwise provide, the above-mentioned orders or regulations as to providing employees with quarters, and that the President is without power to require the payment of rent by employees occupying government-owned quarters in the Canal Zone. The suit is one involving a statute of the United States, and the effect of the dismissal of the bill was a denial of a right asserted under that statute. The conclusion is that the case is one within the appellate jurisdiction conferred on this court by the above-quoted provision. That provision alone, and not any provision or provisions of the Judicial Code (Comp. St. § 968 et seq.) is to be looked to when the question is as to the right of this court to review a final judgment or decree of the District Court of the Canal Zone. That provision contains no exception having the effect of depriving this court of jurisdiction to review a final judgment in a case

within any of the enumerated classes by reason of the jurisdiction of the District Court of the Canal Zone being brought into question in such case.

[3] The acquisition of the Canal Zone by the United States was followed by the construction, with money appropriated by Congress, of dwelling houses for the use of employees of the United States engaged in the service of the Isthmian Canal Commission, the Panama Canal, and the Panama Railroad. While the Isthmian Canal Commission was in existence, it pursued the policy of allowing government employees to use, free of rent, government-owned dwellings and quarters. This policy was evidenced by orders or regulations adopted and promulgated from time to time by the Isthmian Canal Commission. On February 13, 1907, it adopted the following regulation, to be effective April 1, 1907:

"Whenever practicable and in the best interest of the service, an employee will be provided with such quarters on the Isthmus as may be available from time to time."

We understand that the just-quoted regulation is the one on the subject which was in force at the date of the enactment of the Panama Canal Act on August 24, 1912. In behalf of the plaintiff it is contended that the above-quoted provision of section 2 of that act had the effect of keeping the just-quoted regulation in force "until Congress shall otherwise provide." If that position is a tenable one, it does not follow that the plaintiff has an enforceable right to continue to occupy, free of rent, the government property which was assigned for his use. The language of that regulation negatives the conclusion that thereby the employer relinquished or abridged its right to determine, in the case of any employee, whether it is or is not practicable and in the best interests of the service to provide such employee with quarters on the Isthmus.

The matter remained one as to which the employer had and retained a right to exercise its unregulated and unqualified judgment or discretion. The terms of the regulation make the continuance of the privilege or benefit in question dependent upon the authorized representative or representatives of the employer continuing to be of opinion that it is in the best interests of the service not to change the policy or practice. An employee has no legally enforceable right to what the employer has the option to grant or withhold as the latter's judgment or discretion may dictate. The continuance of the arrangement practically was no more assured than it would have been if a tenancy at the will of the employer had been created. The existence of the regulation and what was done under it brought about a situation like that resulting from a contract which is so uncertain and contingent in its terms as to be legally unenforceable. Brown v. Camp (C. C. A.) 275 Fed. 612; Wald's Pollock on Contracts (3d Ed.) 48, 49.

The above-quoted provision of section 2 of the Panama Canal Act does not purport to continue in force anything other than—

"laws, orders, regulations, and ordinances adopted and promulgated * * * for the government and sanitation of the Canal Zone and the construction of the Panama Canal."

The just-quoted language does not indicate an intention to embrace the matter of the terms of employment and the housing of government employees rendering services in the Canal Zone. The sole plaintiff in this case bases the right asserted by the suit on the fact that he is an employee of the United States upon the Isthmus of Panama in the service of the Panama Canal. It is not shown that the services the plaintiff was employed to render have any connection with the government and sanitation of the Canal Zone or the construction of the Panama Canal. No other person has made himself a party plaintiff. See Bruce v. Manchester & Keene R. Co., 117 U. S. 514, 6 Sup. Ct. 849, 29 L. Ed. 990.

Section 4 of the Panama Canal Act (Comp. St. § 10040) contains the following:

"When in the judgment of the President the construction of the Panama Canal shall be sufficiently advanced toward completion to render the further services of the Isthmian Canal Commission unnecessary the President is authorized by executive order to discontinue the Isthmian Canal Commission, which, together with the present organization, shall then cease to exist; and the President is authorized thereafter to complete, govern, and operate the Panama Canal and govern the Canal Zone, or cause them to be completed, governed, and operated, through a governor of the Panama Canal and such other persons as he may deem competent to discharge the various duties connected with the completion, care, maintenance, sanitation, operation, government, and protection of the canal and Canal Zone."

Section 7 of that act (Comp. St. § 10043) defines the duties of the governor, and requires him to perform the executive and administrative duties required by existing law. In 1914 the President, under the authority conferred by section 4 of the Panama Canal Act, abolished the Isthmian Canal Commission, and assumed the duties and powers conferred on him in the situation so brought about. The above-quoted language of section 4 evidences an intention to vest in the President power to determine such matters as terms and conditions of employment and the regulation of the use of government property by government employees in the Canal Zone, in respects not governed by existing law. We are not advised of any law having the effect of depriving the President of the power to require payment of rent for the use of government-owned residence property in the Canal Zone, or of conferring on an employee situated as the plaintiff is the right to continue to use such property free of rent.

On January 15, 1915, the President made an executive order which contained the following:

"The free use of quarters, free fuel and free electric current are not, under the conditions of employment now governing, a vested or contract right of employees, but revocable privileges, which it has been considered advisable to continue until the permanent force was organized. The revocation of these privileges shall not be made the basis for increasing salaries or wages or otherwise increasing compensation."

The continuance thereafter of the practice of allowing employees to use government-owned dwellings or quarters free of rent was with full notice that the privilege was subject to revocation, and would be revoked at a time deemed appropriate. We do not think that the Presi-

dent did what he was without power to do in discontinuing the privilege or benefit in question in the manner adopted.

For reasons above indicated, we conclude that the plaintiff is not entitled to have the defendants enjoined from putting into effect the above-mentioned executive order made by the President on December 3, 1921, and that the court did not err in dismissing the bill.

The decree to that effect is affirmed.